IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES C. BUGGS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-081 |
| | ) | |
| JASON MEDLIN, Warden of Wheeler | ) | |
| Correctional Facility; MELODY | ) | |
| TURNER, CEO of Corrections | ) | |
| Corporation of America; SGT. FELICIA | ) | |
| SHARPE; OFFICER BRANDON TRAVIS ; | ) | |
| COUNSELOR ISAAC; LT. ROGERS; | ) | |
| LISA FOUNTAIN, Interim Manager, | ) | |
| Inmate Affairs Unit; and LT. MILLS, | ) | |
| D.R. Court Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Plaintiff, an inmate formerly incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro* se and sought leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) On November 2, 2016, the Court granted Plaintiff leave to proceed IFP as a prisoner plaintiff, subject to compliance with the conditions set forth in the November 2nd Order. (Doc. no. 3.) In response, Plaintiff filed a notice indicating he had been released from incarceration, (see doc. no. 4), and thus the Court revoked permission to proceed IFP based on his status as a prisoner plaintiff, (doc. no. 5).

On December 6, 2016, the Court directed Plaintiff to submit the $400.00 filing fee or a new motion to proceed IFP if he wished to pursue the above-captioned case. (Doc. no. 5, pp. 1-2.) The Court warned Plaintiff that failure to comply with the terms of the December 6th Order within twenty-one days would result in a recommendation to the presiding District Judge for dismissal of this case without prejudice. (Id. at 2.) Plaintiff did not respond to the Court's Order by submitting a new IFP motion, paying the filing fee, or providing any explanation why he could not comply with the Court's prior Order. Indeed, he has not communicated with the Court in any way.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Local Rule 4.2(2) also provides that if the filing fee is not paid within twenty-one days of the denial of an IFP petition, the complaint will be dismissed. Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th

2

Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to submit a new IFP motion, pay the filing fee, or communicate with the Court in any way amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also specifically cautioned Plaintiff that failing to respond would result in a recommendation for dismissal of his case, without prejudice. (See doc. no. 5, p. 2.) Furthermore, the Court finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff was previously proceeding IFP and has already chosen not to pay the filing fee necessary to continue his case in District Court.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice under Local Rule 41.1 due to Plaintiff's failure to comply with the Court's Order directing submission of a new IFP motion or payment of the filing fee after revocation of permission to proceed IFP as a prisoner plaintiff, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of January, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA